# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FRED E. DANIELL,**

    **Plaintiff,**

v.                                        Case No. 8:08-cv-2304-T-30MAP

**CITY OF HAINES CITY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Dispositive Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 7) and Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss (Dkt. 8). The Court, having considered the motion, memorandum of law, response, and being otherwise advised on the premises finds that the motion to dismiss should be granted.

## BACKGROUND

On November 18, 2008, Plaintiff Fred E. Daniell ("Plaintiff" or "Daniell") filed a two-count complaint against Defendant City of Haines City ("Defendant" or the "City"). (Dkt. 1). Count I alleges a due process action under 42 U.S.C. §1983 and Count II alleges a claim under Fla.Stats. §§86.011-86.111. Both claims relate to the City's termination of Daniell, a law enforcement officer with the rank of Lieutenant, and the City's alleged failure to conduct an investigation under the Law Enforcement Officers' Bill of Rights ("LEO Bill of Rights"). Plaintiff claims that the City's failure to follow the LEO Bill of Rights as set forth

in Fla.Stat. §112.531 *et seq.* deprived him of due process, both to his property and to his liberty.

The complaint states that on November 24, 2004, Plaintiff filed an action in the Circuit Court of the Tenth Judicial Circuit of the State of Florida, in and for Polk County, Florida (Case No.: 2004CA-004684-0000-00) seeking an injunction against the City to cease its violations of the LEO Bill of Rights (the "State Court Action"). The complaint alleges that in the State Court Action, Plaintiff was granted summary judgment on the issue of whether the City violated the LEO Bill of Rights. The order granting summary judgment in favor of Plaintiff ordered the City to void the firing and to conduct Plaintiff's investigation in accordance with the LEO Bill of Rights.

Count II of the complaint in this action asks this Court to determine Plaintiff's current status and relationship with the City given the court's decision in the State Court Action that Plaintiff is entitled to a new investigation that complies with the LEO Bill of Rights. Plaintiff alleges that the court in the State Court Action declined to declare the status of Plaintiff with respect to his employment, finding that it only had jurisdiction to order a proper investigation. The State Court Action is currently pending. In the State Court Action, the City was ordered to conduct a new investigation of Plaintiff within 180 days of the order granting summary judgment in Plaintiff's favor.[1]

---

[1] The order was entered on December 22, 2008. Accordingly, the City has until approximately June 22, 2009 to reinvestigate the complaint made against Plaintiff.

Defendant's motion to dismiss in this action argues that the complaint is procedurally and substantively deficient. (Dkt. 7). Procedurally, Defendant argues that the complaint contains insufficient factual assertions to state a claim. Defendant also argues that supplemental jurisdiction over Count II is inappropriate. Defendant's substantive arguments are as follows: (1) Plaintiff's Fifth Amendment claims of due process contained in Count I should be dismissed because the case not does not involve an action of the federal government; (2) Plaintiff's Fourteenth Amendment claims of due process contained in Count I should be dismissed because Plaintiff had no property interest in his employment as a police officer, Plaintiff's complaint fails to adequately allege a deprivation of a liberty interest, and Plaintiff cannot prove that the state failed to provide adequate due process; and (3) Plaintiff's claim for declaratory relief is inappropriate because the court in the State Court Action already made rulings as to Plaintiff's remedy for the City's violation of the LEO Bill of Rights.

For the reasons set forth herein, the Court finds that Count I of the complaint fails to state a claim because Plaintiff cannot have a due process claim under the Fifth Amendment in the absence of any facts demonstrating an action of the federal government and Plaintiff cannot have a due process claim under the Fourteenth Amendment because he cannot show that the state failed to provide adequate due process. Given the dismissal of Count I, Count II must be dismissed as well because it is purely a state-law claim.

# DISCUSSION

## I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Count I of Plaintiff's Complaint

The Fifth Amendment "restrains the federal government, and the Fourteenth Amendment, Section 1 restrains the states, from depriving any person of life, liberty, or property without due process of law." Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). Although the complaint contains no allegations regarding the federal government and any claim in reference to the Fifth Amendment should be dismissed, the Fourteenth Amendment binds the state government and may apply in this case.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part, that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional. See generally McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994). What is unconstitutional is the deprivation of such an interest without due process of law. Id. Thus, the constitutional violation actionable under Section 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Id. Therefore, a plaintiff has not stated a Section 1983 claim unless inadequate procedures exist to remedy an alleged procedural violation, because "the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (internal citations and quotation omitted). Accordingly,

if adequate state remedies were available, but a plaintiff did not avail herself of them, that plaintiff "cannot rely on that failure to claim that the state deprived [her] of procedural due process." Id. To be considered "adequate," the state procedures do not have to provide all of the relief available to the plaintiff under Section 1983. Rather, "the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due." Id.

Therefore, a Section 1983 claim alleging the denial of procedural due process "requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) *constitutionally-inadequate process*." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (internal citation and quotation omitted) (emphasis added). Defendant argues that Plaintiff has failed to adequately plead the third element. "To support the element of constitutionally-inadequate process, a plaintiff must allege that the state failed or refused to make available a means to remedy the deprivation or that those remedies were inadequate." See Price v. City of Ormond Beach, Fla., No. 6:05-cv-1064-Orl-31KRS, 2006 WL 1382096 at *5 (M.D. Fla. May 19, 2006).

Plaintiff has made no such allegation, and thus he has failed to state a claim for a procedural due process violation. Indeed, the complaint's allegations reference a pending state-court action. In the State Court Action, the court has already ruled that the City must conduct an investigation that complies with the LEO Bill of Rights. As the Eleventh Circuit noted in McKinney:

> [t]he scope of the Florida courts' review encompasses the claim McKinney brought in federal court-that he was denied due process because of a partial decisionmaker. The Florida circuit courts, on certiorari review, possess broad powers of review:
>
> > Where a party is entitled as a matter of right to seek review in the circuit court ..., the circuit court *must* determine whether procedural due process is accorded ... and whether the administrative findings and judgment are supported by competent substantial evidence.
>
> In other words, the Florida circuit courts '[r]eview[ ] the entire cause [and] consider [ ] ... every aspect' of the case to determine whether due process was observed. McKinney, therefore, had an available, adequate remedy in the state system.

20 F.3d at 1563 (internal citations omitted) (emphasis in the original).

Importantly, under the LEO Bill of Rights, Fla.Stat. §112.534, if

> any law enforcement agency or correction agency fails to comply with the requirements of this part [a law enforcement officer] *may apply directly to the circuit court of the county wherein such agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of this part and to compel the performance of the duties imposed by this part.*

(emphasis added). This is exactly what the Plaintiff has done by initiating the State Court Action, which is pending, and, accordingly, Plaintiff's claims in this action must remain in the State Court Action.

Plaintiff's only response to Defendant's argument regarding Plaintiff's failure to demonstrate constitutionally-inadequate process is that "[t]he State court case does and did not address the due process claims as set forth in this case, nor does it or will it have a claim for declaration of Mr. Daniell's rights, though counsel (who came late into the cause) regrets that such was never amended into it." (Dkt. 8). Plaintiff's argument is insufficient to demonstrate the element of constitutionally-inadequate process. As set forth herein, if adequate state remedies were available, but Plaintiff did not avail himself of them, Plaintiff

cannot rely on that failure to claim that the state deprived him of procedural due process. Accordingly, Defendant's motion to dismiss Count I is granted.

### III. Count II of Plaintiff's Complaint

Because Defendant's motion to dismiss Count I is granted, Count II must be dismissed because it is purely a state-law claim under Chapter 86 of the Florida Statutes.

### CONCLUSION

For the reasons set forth herein, it is hereby ORDERED and ADJUDGED that:

1. Defendant's Dispositive Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 7) is **GRANTED**.

2. The Complaint (Dkt. 1) is **DISMISSED**.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2304.mtdismiss.frm